IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ALBERT THOMAS,

           Plaintiff

  VS.

SONNY PERDUE, *et al.*,

           Defendants

NO. 5: 05-CV-217 (CWH)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# O R D E R

By order entered September 21, 2005, the undersigned permitted plaintiff ALBERT THOMAS to proceed herein without requiring the prepayment of the filing fee. Tab #9. This was done with the understanding that the defendants would be permitted to contest the plaintiff's right to so proceed. The court had previously required plaintiff THOMAS to show cause why he should be excused from the "three strikes rule" which would require him to seek permission from the Eleventh Circuit Court of Appeals before he could proceed. Tab #7. Plaintiff contends that he is "under imminent danger of serious physical injury." *See* 28 U.S.C. §1915(g).

Defendants have now filed a MOTION FOR SUMMARY JUDGMENT which addresses plaintiff's contention that he is "under imminent danger of serious physical injury." Tab #30. Subsequent to the filing of this motion, plaintiff has filed his own motion seeking summary judgment. Tab #40. In addition, he has filed discovery requests upon defendants' counsel which have prompted counsel to file a MOTION FOR PROTECTIVE ORDER. Tab #39. Plaintiff THOMAS has also filed a motion seeking a "continuance" or holding in abeyance of all matters pending completion of discovery by him.

Upon careful review of the foregoing, the undersigned finds that disposition of defendants' MOTION FOR SUMMARY JUDGMENT must be made before the defendants should be required to expend time and expense dealing with plaintiff's underlying claims. In other words, the defendants are entitled to a determination as to whether plaintiff THOMAS ought to be required to comply with 28 U.S.C. §1915(g). Compliance with §1915(g) requires the court to determine as a threshold matter whether plaintiff is "under imminent danger of serious physical injury."

Upon consideration of defendants' motion (Tab #30) and of plaintiff's response thereto (Tab #44), the undersigned finds that plaintiff THOMAS has failed to establish that he is "under imminent danger of serious physical injury." The uncontroverted affidavits filed in support of defendants' motion establish no factual support for plaintiff's contention that he faces imminent danger of serious physical injury.

Accordingly, defendants' motion is GRANTED but only to the extent that plaintiff THOMAS will not be permitted to proceed herein *in forma pauperis* unless and until authorized to do so by the Eleventh Circuit Court of Appeals. The court expresses no opinion on the issue of liability of the defendants for any injury and damage sustained by plaintiff as the result of alleged exposure to asbestos. With this disposition, all other motions pending herein appear to be moot, and they are DENIED as such.

SO ORDERED AND DIRECTED, this 24th day of JANUARY, 2006.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE